UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

AMANDA DUFRECHOU, ET AL.                    CASE NO.  6:25-CV-00242

VERSUS                                      JUDGE ROBERT R. SUMMERHAYS

L&W HR CONSULTING, LLC, ET AL.              MAGISTRATE JUDGE DAVID J. AYO

## DEFAULT JUDGMENT

Presently before the Court is Plaintiffs' Motion for Default Judgment [ECF No. 15]. On July 2, 2025, the Clerk of Court entered default against Defendants due to their failure to plead or otherwise respond to this suit.[1] Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment [ECF No. 15] is GRANTED. Default judgment is hereby rendered against all Defendants.

Considering the record, the Court awards damages as follows:

Plaintiff Amanda Dufrechou, shall recover from Defendants, jointly and severally, $167,115.30 in unpaid contractually owed wages,[2] $62,667.00 in unpaid overtime wages,[3] $62,667.00 in liquidated damages,[4] and $4,530.26 in wrongfully retained health insurance premiums and medical expenses related to her ERISA claim.[5]

---

[1] *See* ECF No. 9.

[2] Based on Dufrechou's employment agreement with Defendants, she was to receive a weekly salary of $3,038.46. Defendants failed to pay Dufrechou for fifty-five weeks between November 24, 2023 and December 13, 2024. $3,038.46 x 55 weeks = $167,115.30.

[3] The FLSA obligates an employer to compensate its employees at one-and-one-half times their regular rate of pay for any week of work in which the employees work more than forty hours. 29 U.S.C. § 207(a)(1). Dufrechou's regular rate of pay was $75.96/hour. Defendants failed to pay Dufrechou overtime compensation for ten hours each week for fifty-five weeks. $75.96 x 1.5 x 10 weekly overtime hours x 55 weeks = $62,667.

[4] Under the FLSA, a district court generally must award a prevailing plaintiff liquidated damages that are equal in value to the plaintiff's actual damages. *Owens v. Marstek, LLC*, 548 F. App'x 966, 972 (5th Cir. 2013).

[5] For twelve weeks, Defendants made deductions from Dufrechou's bi-weekly pay in the amount of $671.71 to pay for her health insurance. Defendants, however, failed to pay Dufrechou's health insurance premiums and instead retained the premiums. Dufrechou additionally incurred medical expenses in the amount of $500.00 that would have been covered by insurance, but for Defendants' failure to pay the health insurance premiums. ($671.71 x 6 bi-weekly payments) + $500.00 = $4,530.26.

Plaintiff Tasia Batiste, shall recover from Defendants, jointly and severally, $13,800.00 in unpaid contractually owed wages,[6] $5,175.00 in unpaid overtime wages,[7] $5,175.00 in liquidated damages, and $2,058.13 in wrongfully retained health insurance premiums.[8]

Plaintiff Aimee Mittelseadt, shall recover from Defendants, jointly and severally, $95,191.80 in unpaid contractually owed wages,[9] $35,699.40 in unpaid overtime wages,[10] and $35,699.40 in liquidated damages.

Plaintiff John Jude Scelfo, shall recover from Defendants, jointly and severally, $67,692.24 in unpaid contractually owed wages,[11] $25,383.60 in unpaid overtime wages,[12] and $25,383.60 in liquidated damages.

The Court further finds, pursuant to 29 U.S.C. § 216(b), that Plaintiffs' attorneys' fees in the amount of $43,500.00 and costs in the amount of $1,245.11 are reasonable and were necessarily incurred in the prosecution of this matter.

The Court therefore awards Plaintiffs damages in the total amount of **$652,982.84**.

IT IS FURTHER ORDERED that Defendants shall pay post-judgment interest, pursuant to 28 U.S.C. § 1961, until paid in full.

THUS DONE in Chambers on this 28th day of April, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[6] Batiste's regular rate of pay was $23.00/hour. Defendants failed to pay Batiste for fifteen weeks between November 24, 2023 and March 9, 2024. $23.00 x 40 hours x 15 weeks = $13,800.00.

[7] Defendants failed to pay Batiste overtime compensation for ten hours each week for fifty-five weeks. $23.00 x 1.5 x 10 weekly overtime hours x 15 weeks = $5,175.00.

[8] For twenty-nine weeks, Defendants made deductions from Batiste's bi-weekly pay in the amount of $141.94 to pay for her health insurance. Defendants, however, failed to pay Batiste's health insurance premiums and instead retained the premiums. $141.94 x 14.5 bi-weekly payments = $2,058.13.

[9] Mittelseadt was to receive a weekly salary of $1,442.30. Defendants failed to pay Mittelseadt for sixty-six weeks between October 1, 2023 and January 25, 2025. $1,442.30 x 66 weeks = $95,191.80.

[10] Mittelseadt's regular rate of pay was $36.06/hour. Defendants failed to pay Mittelseadt overtime compensation for ten hours each week for sixty-six weeks. $36.06 x 1.5 x 10 weekly overtime hours x 66 weeks = $35,699.40.

[11] Scelfo was to receive a weekly salary of $1,538.46. Defendants failed to pay Scelfo for forty-four weeks between December 1, 2023 and October 1, 2024. $1,538.46 x 44 weeks = $67,692.24.

[12] Scelfo's regular rate of pay was $38.46/hour. Defendants failed to pay Scelfo overtime compensation for ten hours each week for forty-four weeks. $38.46 x 1.5 x 10 weekly overtime hours x 44 weeks = $25,383.60.